**ROCKLAND PROFESSIONAL FIRE FIGHTERS ASSOCIATION**

**v.**

**CITY OF ROCKLAND, Maine.**

Supreme Judicial Court of Maine.

Feb. 2, 1970.

Theodore H. Kurtz, Portland, John L. Knight, Rockland, for plaintiff.

A. Alan Grossman, and Barry M. Faber, Rockland, for defendant.

Before WILLIAMSON, C. J., and MARDEN, DUFRESNE, WEATHERBEE and POMEROY, JJ.

WEATHERBEE, Justice.

In 1957 our Legislature enacted "An Act Relating to Arbitration Pursuant to Collective Bargaining Contracts". This legislation as amended is now 26 M.R.S.A. § 951, et seq. Section 951 reads:

"A written provision in any collective bargaining contract to settle by arbitration a controversy thereafter arising out of such contract or out of the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, or such refusal, herein designated in this subchapter as 'a written submission agreement,' shall be valid, irrevocable and enforceable, save upon such grounds, independent of the provisions for arbitration, as exist at law or in equity for the revocation of any contract."

Section 954 provides for the appointment of arbitrators by the Court in the event that the collective bargaining contract fails to establish a method for their appointment or if the method so provided is ignored by one party. Section 956 details methods for obtaining testimony of witnesses at the arbitration hearing, and for the fees of witnesses. Section 957 provides for the enforcement by the Superior Court of the award of arbitration upon application of a party that judgment shall be entered for the party. Section 958 enumerates grounds which would justify vacating an award.

In 1965 the Legislature enacted a statute which is referred to as the Fire Fighters Arbitration Law which is now 26 M.R.S.A. § 980, et seq. In doing so the Legislature declared it to be the public policy of the

State that this particular class of municipal employees in their position of high responsibility should be given the right to organize and bargain collectively with the municipalities in arriving at a contract of employment.

Section 981 reads:

"The protection of the public health, safety and welfare demands that the permanent uniformed members of any paid fire department in any municipality not be accorded the right to strike or engage in any work stoppage or slowdown. This necessary prohibition does not, however, require the denial to such municipal employees of other recognized rights of labor such as the right to organize, to be represented by a labor organization of their choice, and the right to bargain collectively concerning wages, rates of pay and other terms and conditions of employment."

Following the broad statement of policy of section 981 the Fire Fighters Arbitration Law proceeds to empower the fire fighters to compel the municipality to meet with the fire fighters' bargaining agent to bargain collectively in the formation of a written contract of employment. Section 986 provides that if the parties cannot reach a contract the unresolved issues shall be submitted to arbitration at the option of the association. Section 987 sets out the method of selecting the arbitrators. Section 988 describes the rules under which hearings shall be conducted and specifies that a less-than-unanimous decision of the arbitrators shall not be binding on either party.

Section 991 includes the words

"Any collective bargaining agreement negotiated under this chapter shall specifically provide that the fire fighters who are subject to its terms shall have no right to engage in any work stoppage, slowdown or strike, the consideration for such provision being the right to a resolution of disputed questions."

It was thus the legislative intention to continue to deny the permanent uniformed members of municipal fire departments the weapons of strikes, slowdowns and work stoppages but to avoid the abrasive and disruptive effects of unresolved labor grievances by enabling the organizations to enter into labor contracts which assured them the other rights of labor including the right of arbitration guaranteed by section 951 of the general arbitration law.

■ The plain language of these sections and the statement of factors to be considered by the Arbitration Board leaves us with no doubt that the only issue expressly authorized for submission for arbitration under the Fire Fighters Arbitration Law was that of the *formation of a contract.* It will be noted that the law contains no specific provision for arbitration of grievances arising *under the contract,* which the Defendant argues demonstrates the legislature's intention not to give the fire fighters any right to arbitrate such grievances.

Under the authority of the Fire Fighters Arbitration Law the firemen of Rockland organized and entered into a contract of employment for the calendar year of 1967. In this contract the Defendant recognized the Plaintiff as the firemen's exclusive bargaining agent and various provisions as to wages, hours and working conditions were agreed upon. It is of particular interest to us here that a meticulous process for settling grievances was established by the contract consisting of four steps, the third of which provided for a hearing before an Appeal Grievance Board. The provisions establishing Step 4 read:

"In the event that the decision of the appeal Grievance Board is not satisfactory to the Grievance Committee and is not resolved within ten days after its decision, all unresolved issues shall be submitted to arbitration at the option of the Association."

The contract then provided that:

"Arbitration shall be in accordance with Title 26, Sect. 987 of the Maine Revised Statutes Annotated."

As we noted before, however, section 987 only sets up machinery for the organization and operation of an arbitration board for the purpose of resolving disputes concerning the negotiation of a labor contract and makes no provision for arbitration of disputes arising later under the contract.

On April 27, 1967 Walter R. Dyer, a Rockland fireman, was suspended for six days allegedly for insubordinate conduct. Dyer and the Plaintiff exhausted the grievance processes provided in the contract and the matter went on to arbitration. The parties followed the provisions of section 987 in selecting the members of the arbitration board but on June 12, before the Board could hear the matter, Dyer was discharged for a similar reason.

Plaintiff and Defendant then combined the two grievances and submitted to the arbitration board the single issue of whether the discharge of Dyer was for sufficient cause. After hearing, a majority of the board returned an award which read:

"1. There was not sufficient cause for the discharge of Walter R. Dyer on June 12, 1967.

2. If Dyer resigns from office in Local 1584 of the International Association of Firefighters, the City of Rockland shall offer him reinstatement to his former position without back pay."

Dyer did resign from office in the union but the city refused to reinstate him. Plaintiff then brought an application for judgment upon the arbitration award in the Superior Court in Knox County. Defendant moved to dismiss the application for judgment on the grounds that:

1) The award was not unanimous and therefore was invalid.

2) The board abused its discretion and exceeded the powers given it in going beyond the single question submitted to them.

3) The city has the right to discharge any employee when, in his best judgment, the City Manager considers that the city's interest requires it.

The matter was heard before a Justice of the Superior Court who granted Defendant's motion to dismiss the application for judgment on the award. The ruling of the Justice was based on his conclusion that

" * * * [T]he Legislature intended that whatever benefits it was conferring upon the Fire Fighters, the right to organize, bargain collectively, arbitrate and all other rights being granted, were to to be viewed entirely in the light of the language of the Fire Fighters Arbitration Law, * * *."

As the Fire Fighters Arbitration Law provided only for arbitration of disputes surrounding the *making* of a contract, the Justice held the Fire Fighters had been given no right to arbitration of disputes arising *subsequent* to the contract and therefore had no right to enforcement of an award. The matter comes before us on Plaintiff's appeal and we are faced first with Defendant's contention that the only issue is

"Were the rights of the parties governed by Title 26, Chapter 10, Section 980–992, of the Maine Revised Statutes Annotated?" [The Fire Fighters Arbitration Law]

The Defendant views the labor contract's provision that arbitration shall be in accordance with section 987 as indicating the parties' recognition that the Plaintiff had only such rights relating to arbitration as were given it by the Fire Fighters Arbitration Law. We view it in a different light.

We find that the Fire Fighters Arbitration Law, in spite of the scope suggested by its title, provides for arbitration only

as to the negotiation of a labor contract. The parties here did negotiate a contract as the Fire Fighters Arbitration Law empowered them to do. The contract bound the parties to submit unresolved grievances to arbitration at the option of the union. The legislature intended the Fire Fighters to have all the rights of labor organizations except those specifically withheld and in section 951, years earlier, the Legislature had given all labor organizations the right to provide in their contracts for arbitration of grievances arising out of such contracts. The fire fighters' authority to agree with the city to submit their unresolved grievances to arbitration is found in section 951. The provision in Plaintiff and Defendant's contract that arbitration of their labor grievances should be in accordance with section 987 appears to us to be best explained by the fact that the 1957 general statute authorizing arbitration makes no provision for the method in which the arbitrators shall be chosen (except that if the contract fails to provide a method or if a party refuses to proceed under the method agreed upon, resort may be had to the Court for appointment of the arbitrator.) It leaves the parties to state in their contracts the method they prefer for selecting arbitrators.

We view the reference to section 987 as the parties' agreement that the arbitrators should be chosen by the method provided in section 987.

We note that it is apparent that both parties considered that the contract's provision for arbitration of grievances was authorized by law. They proceeded to empanel the Board by the process outlined in section 987. Defendant's motion to dismiss Plaintiff's application for judgment upon the arbitration award attacked the extent of the award itself and argued that it was not enforceable because it was not unanimous but Defendant did not question the Plaintiff's right to submit the grievance to arbitration until after the decree of the Justice had issued based upon that conclusion. In fact, Defendant's motion to dismiss specifically invokes section 958 of the general arbitration law.

 Applying the *in pari materia* rule of construction and reading in connection with the Fire Fighters Arbitration Law the 1957 general arbitration statute having the same general purpose, it appears clear that the grant to the fire fighters of "all of the rights of labor other than the right to strike, or engage in any work stoppage or slowdown" found in section 981 included the right to submit grievances to binding arbitration. We hold that the Plaintiff was entitled to submit to arbitration grievances arising under the labor contract and was not limited to the specific issue of formation of a contract.

The Justice in the Superior Court did not reach the issues concerning the validity of the award itself which were raised by Defendant's motion to dismiss and they were not presented to us by Plaintiff's Points on Appeal. They remain to be determined in the Superior Court.

Appeal sustained. Remanded to the Superior Court for further action not inconsistent with this opinion.

WEBBER, J., did not sit.